**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**KATHERINE WILLETT,**

    **Plaintiff/Counter-Defendant,**

    v.

**CHRISTOPHER DAHLBERG,**

    **Defendant/Counter-Plaintiff.**

_____

1:24-cv-00024-WAL-EAH

**TO:**   Lee J. Rohn, Esq.
        David J. Cattie, Esq.

**ORDER**

**THIS MATTER** comes before the Court on the Motion to Strike Defendant's Opposition to Renewed Motion for Protective Order, filed on May 27, 2025 by Plaintiff Katherine Willett, Dkt. No. 49; the Opposition to Motion to Strike, filed on May 27, 2025 by Defendant Christopher Dahlberg, Dkt. No. 50; and the Reply to Opposition to Motion to Strike, filed on May 30, 2025 by Plaintiff, Dkt. No. 53. For the reasons that follow, the Court will grant in part and deny in part Plaintiff's Motion to Strike. The Court will permit the Defendant an opportunity to file an appropriate motion pursuant to Fed. R. Civ. P. 6(b)(1)(B) if he wishes the Court to consider his Opposition to Plaintiff's Renewed Motion for a Protective Order.

**BACKGROUND**

On March 14, 2025, Plaintiff Willett moved for a protective order to be entered in this case. Dkt. No. 29. On March 30, 2025, Defendant Dahlberg opposed the motion, Dkt. No. 32, and Willett filed a reply on April 7, 2025, Dkt. No. 35. On April 29, 2025, the Court denied the

motion without prejudice, concluding that it could not, on the record before it, determine precisely which issues, and which provisions of the proposed protective order, were in dispute Dkt. No. 41. The Court provided Plaintiff with a May 7, 2025 deadline to refile her motion to address the points in the Order, a May 14, 2025 deadline for Dahlberg to file an opposition, and a May 16, 2025 deadline for Willett to file a reply. *Id.*

On May 7, 2025, Willett filed an unopposed motion in which she requested an extension of time, until May 9, 2025, to file her renewed motion for a protective order. Dkt. No. 44. Although the Court concluded that Willett had not shown good cause for the extension, it exercised its discretion to grant her motion because it was unopposed and the extension sought was relatively short. Dkt. No. 45. The Order provided a May 9, 2025 deadline for Willett to file her renewed motion, a May 16, 2025 deadline for Dahlberg to file an opposition, and a May 19, 2025 deadline for Willett to file a reply if she wished. *Id.*

Willett timely filed her renewed motion on May 9, 2025. Dkt. No. 46. Dahlberg filed an untimely opposition on May 21, 2025. Dkt. No. 48. He did not file a motion for extension of time seeking leave for his late filing.

On May 27, 2025, Willett filed a "Motion to Strike Defendant's Opposition to Renewed Motion for Protective Order." Dkt. No. 49. In the motion, Willett points out that the Court provided a May 16, 2025 deadline for Dahlberg to file his opposition to her renewed motion, but he untimely filed it on May 21, 2025 without acknowledging its untimeliness or filing a formal motion for an extension of time showing excusable neglect. *Id.*

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 3

Willett asks the Court to strike the opposition pursuant to Fed. R. Civ. P. 6(b), the rule governing extensions, and the Court's May 8, 2025 Order setting the May 16, 2025 deadline. *Id*. at 2. She acknowledges that courts are generally granted deference with regard to case management. *Id,* quoting *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010). However, Rule 6(b)(1)(B) dictates that, if an act must be done within a specified time, the court may extend the time for good cause on motion after the time has expired if the party failed to act because of excusable neglect. *Id.* at 4. Plaintiff cites case law providing that, while a court generally has discretion to grant such an extension, "there is no discretion to grant a post-deadline extension absent a motion and a showing of excusable neglect." *Id*., quoting *Drippe*, 604 F.3d at 784. Because Dahlberg failed to file a motion for an extension of time, and failed to show excusable neglect, she contends that the Court has no discretion to consider Defendant's opposition. And without any opposition, the Court should grant Plaintiff's Renewed Motion for a Protective Order. *Id.*

Plaintiff also argues that the Court should strike the opposition as an improper filing under its inherent authority to control its docket. *Id*. at 4-5 (quoting, inter alia, *Vivot Equip. Corp. v. Underwater Mechanix Servs., LLC*, 23-cv-0009, 2024 WL 231450, at *3 (D.V.I. Jan. 22, 2024)).

Later on May 27, 2025, Dahlberg filed an opposition to the Motion to Strike. Dkt. No. 50. The first paragraph of the opposition is unusual because it does not address the untimeliness of his opposition, but expresses counsel's annoyance at the motion, given that

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 4

counsel had acquiesced to Plaintiff's multiple requests for additional time for filings. Dahlberg opines that Willett's counsel might have used the time spent drafting the motion to strike to instead address the fact that "her client stole and sought to use privileged communications between Dahlberg and his lawyer" (a reference to a separate motion for sanctions that Defendant filed). *Id*. at 1.

Following that introduction, counsel states that he "mistakenly calendared the response for May 21st instead of the 16th." *Id.* He contends that Willett did not identify any harm or prejudice she suffered stemming from the delay, as the motion to strike relies exclusively on the fact that it was late. *Id.* Although Willett argued that a filing must be stricken if untimely, that is not the law, since a decision to allow such a filing was ultimately within the Court's discretion. *Id.* at 2 (quoting *Lookin Good Props., LLC v. Ascot Corp. Names Ltd*., No. 12-cv-138, 2014 WL 1002114, at *2 (S.D. Ga. Mar. 12, 2014)). Moreover, in *Clarke v. Marriott International, Inc*., No. 08-0086, 2012 WL 2285188 (D.V.I. June 18, 2012), Plaintiff's attorney in this case filed oppositions to *Daubert* motions five days out of time, but the Court agreed to accept them as an exercise of its discretion. Particularly where no prejudice can be shown when a filing is untimely for a brief period, courts prefer to consider the filings. *Id.* at 2 (quoting, inter alia, *In re Asbestos Prods. Liab. Litig*., 384 F. Supp. 3d 532, 545 (E.D. Pa. 2019)). Counsel "apologizes for the late filing" but goes on to assert that "the motion to strike was a petty and unnecessary filing that only adds to the Court's already considerable docket," and the Court should exercise its discretion and deny the motion to strike. *Id.*

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 5

On May 30, 2025, Plaintiff filed a Reply to Defendant's Opposition to Motion to Strike. Dkt. No. 53. She asserts that the Defendant's Opposition to Plaintiff's Renewed Motion for Protective Order remains unaccompanied by a motion for an extension of time as required by Rule 6(b). *Id*. at 1. While Plaintiff appreciated that Defendant did not oppose her request for an extension to file her Renewed Motion, she complied with Rule 6(b) by filing a motion for an extension of time and requesting Defendant's position on the same, which Defendant has not done here. *Id.* Willett also notes that she provided binding, Third Circuit authority that there was "no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect." Defendant, however, provided non-binding authority, lodged personal attacks, and asserted that his failure to file a motion for an extension of time should be excused because Plaintiff's counsel received an extension of time in another case over a decade ago. *Id.* But in that case, *Clarke v. Marriott*, counsel filed a motion for an extension of time with regard to those late responses. *Id*. at 2.

Plaintiff adds that most of the other cases cited by Defendant were from outside this Circuit and did not provide binding authority. In *In re Asbestos Prods. Liab. Litiga.*, 384 F. Supp. 3d 532, 545 n.13 (E.D. Pa. 2019), the district court denied a motion to dismiss an amended complaint filed ten days late and did not strike the pleading because the party established good cause for the delay. Dkt. No. 53 at 3*.* The discussion occurred in a footnote unsupported by legal authority, and the case was silent as to whether a motion for extension of time was filed, although it likely had been because that would be the vehicle to find good

cause. *Id*. All of Defendant's cases failed to distinguish between a court's lack of discretion to consider an untimely post-deadline extension, as held in *Drippe*, and a court's discretion to strike an untimely pleading. Plaintiff's case law demonstrated that the Court has no discretion to consider Defendant's opposition and must disregard it, although there was discretion for the Court to strike the pleading and may do so in its discretion*. Id*.

Finally, the Third Circuit has held that the mis-calendaring a deadline is not excusable. *Id.* at 3-4, citing *Doe v. 919-5904 Quebec, Inc.,* 727 F. App'x 737 (3d Cir. 2018). Moreover, Plaintiff was prejudiced: she filed a motion to strike because by the time Defendant had filed the opposition, the time for Plaintiff to reply had already passed. *Id.* at 4.

## DISCUSSION

### I. Legal Standards

#### A. Motion to Extend Time

Federal Rule of Civil Procedure 6(b), entitled "Extending Time," provides in relevant part:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Rule 6(b)(2) provides some exceptions to this Rule, not relevant here.

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 7

District courts are accorded "great deference with regard to matters of case management." *Drippe*, 604 F.3d at 783. However, a court's exercise of that discretion may be limited in some instances when faced with untimely filings. Citing *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990), the *Drippe* Court described the proper procedure that attorneys should follow in such circumstances:

> The late filing [in *Lujan*] was governed by Rule 6(b), which "not only specifically confers the 'discretion' relevant to the present issue, but also provides the mechanism by which that discretion is to be invoked and exercised." *Id.* Pursuant to the Rule, "any *post* deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Id.* at 896, 110 S. Ct. 3177 (*quoting* Rule 6(b)). A contrary interpretation would directly contravene the Rule's specific delineation between "requests" and "motions." In a pivotal footnote, the Supreme Court explained that
>
>> Rule 6(b) establishes a clear distinction between "requests" and "motions," and the one cannot be converted into the other without violating its provisions.... Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time, whether the request is made "with or without motion or notice," *provided* the request is made before the time for filing expires. *After* the time for filing has expired, however, the court (again "for cause shown" and "in its discretion") may extend the time only "upon motion." To treat all postdeadline "requests" as "motions" (if indeed any of them can be treated that way) would eliminate the distinction between predeadline and postdeadline filings that the Rule painstakingly draws....
>
> *Id.* at 896 n. 5, 110 S. Ct. 3177.
>
> Courts have construed *Lujan*'s construction of Rule 6(b) to impose a strict requirement that litigants file formal motions for Rule 6(b) time-extensions when attempting to file in contravention of a scheduling order. *See Smith v. District of Columbia,* 430 F.3d 450, 456 (D.C. Cir. 2005) ("In [*Lujan*], the Supreme Court noted the distinction between this provision and Rule 6(b)(1), which allows a court to grant an extension if a 'request' is made before the time for filing expires. By contrast, the Court emphasized that post-deadline extensions may be granted

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 8

> only 'for cause shown' and 'upon motion.' Any post-deadline motion 'must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond.'" (*quoting Lujan,* 497 U.S. at 896 n. 5, 110 S. Ct. 3177)); *Jones v. Cent. Bank,* 161 F.3d 311, 314 n. 2 (5th Cir.1998) ("[R]ule 6(b)(2) requires that, once a deadline has expired (as occurred in the instant case), leave to file late can be granted only 'upon motion made.' The Supreme Court said so explicitly in construing rule 6(b) in [*Lujan* ]. . . In other words, there is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect." (*citing Lujan,* 497 U.S. at 896, 110 S. Ct. 3177)); *ADAPT of Phila. v. Phila. Hous. Auth.,* 511 F. Supp. 2d 510, 515 (E.D. Pa. 2007) ("If the moving party does not seek an extension until after the time limit has expired, the court may exercise its discretion only if a motion is made and the moving party proves its failure to comply with the applicable deadline was the result of excusable neglect." (*citing Lujan,* 497 U.S. at 896 n. 5, 110 S. Ct. 3177)).

*Drippe*, 604 F.3d at 783-84 (footnote omitted). In *Drippe*, the Third Circuit ruled that the district court had abused its discretion in granting a late oral motion for summary judgment. The oral motion did not comply with the terms of Rule 6(b)(1)(B) because the moving party had not filed a "formal motion for extension of time," which then required the district court to "make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion." *Id*. at 785 (opining that, "[u]nder *Pioneer* [*Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1983)], the excusable neglect inquiry must consider "all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."). Courts in this circuit have also described the excusable neglect inquiry in this circumstance as "requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 9

the time specified in the rules. . . . [I]nadvertence of counsel do[es] not amount to good cause." *Bank v. Lake Ests. Condo. Assoc., Inc.*, No. 11-cv-5338, 2012 WL 1435637, at *7 (D.N.J. Apr. 25, 2012) (internal quotation marks omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Ragguette v. Premier Wines & Spirits, Ltd.,* 424 F. App'x 155, 156 (3d Cir. 2011) (quoting *Pioneer,* 507 U.S. at 395)). In sum, a party must make a formal motion for an extension of time if seeking an extension to file a document after the deadline at issue has elapsed, and the court must make a finding of excusable neglect under the Pioneer factors before permitting that untimely filing. *Drippe*, 604 F.3d at 785.

    **B.**    **Motion to Strike**

Fed. R. Civ. P. 12(f) generally governs motions to strike. It provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1), (2). See *United States v. Viola*, No. 02-cv-9014, 2003 WL 21545108, at *3 (E.D. Pa. July 7, 2003) (providing that a motion to strike pursuant to Rule 12(f) may only be directed to a pleading). An opposition to a motion is not a pleading, and therefore Rule 12(f) is inapplicable in this case.

However, this Court held in *Vivot Equipment Corp*. that "case law provides that a court may strike improper filings from its docket pursuant to its inherent authority to control its

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 10

docket." *Vivot*, 2024 WL 231450, at *3 (citing *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases."); *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-cv-1283, 2015 WL 3966434, at *3 (W.D. Pa. June 8, 2015) (holding that, in a court's exercise of its inherent authority to control its docket, it may strike from the record an improperly filed document) (citing cases)).

## II.     Application

The Defendant did not file a motion for an extension of time under Rule 6(b)(1)(B) when he filed his opposition to Plaintiff's renewed motion for a protective order five days after the deadline provided in the Court's May 8, 2025 Order. Pursuant to clear governing authority set out in *Drippe*, 604 F.3d at 784-85, this Court does not have discretion to consider Defendant's opposition because it was filed in contravention of Rule 6(b)(1)(B)—without a formal motion requesting leave to file out of time. And without such a motion to show that the late filing was due to excusable neglect, the Court never made such a finding. The cases provided by the Defendant from inside and outside this Circuit do not address, much less undercut, this governing law. Moreover, Defendant's focus on the fact that Plaintiff was not prejudiced by the delay is not sufficient to excuse it. As a panel of the Third Circuit opined in *Talley v. Wetzel*, No. 21-1855, 2022 WL 3712869, at *2 n.6 (3d Cir. Aug. 29, 2022), "'[l]ack of prejudice to the non-movant is often used as a reason to excuse neglect, but even

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 11

if we assume that [appellant] suffered no prejudice, it will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable.'" (quoting *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020)).

Given that the Court has no discretion to consider Defendant's untimely opposition to the renewed motion for a protective order, as it was filed without a motion for extension of time, the Court will grant Plaintiff's motion in part and deny it in part. It will grant the motion to the extent that it will strike Defendant's opposition to the renewed protective order as improperly filed, *Eash,* 757 F.2d at, 567 *Vivot*, 2024 WL 231450, at *3; *Karlo,* 2015 WL 3966434, at *3, which will also ensure a clean record in this matter. It will deny the motion to the extent that Plaintiff asks the Court to grant its Renewed Motion for Protective Order as unopposed.

However, that is not the end of the story. *Drippe*—the case relied upon by Plaintiff—reversed and remanded the case to permit the attorney who had not complied with Rule 6(b)(1)(B) in making his untimely motion to file the required motion for an extension. *Drippe*, 604 F.3d at 785-86. The remand allowed the district court to address the issue in the first instance, analyzing the relevant factors. *Talley*, 2022 WL 3712869 at n.6. This Court will follow a similar procedure here. While it has stricken Defendant's opposition to the renewed motion for a protective order, it will permit him to file a motion for an extension of time, and provide Attorney Cattie with an opportunity to file a motion for an extension of time, pursuant to Rule 6(b)(1)(B). The Court will then assess whether he has demonstrated

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 12

excusable neglect and will determine whether it will permit the Defendant to refile his opposition to the renewed motion for a protective order.

Finally, it is incumbent on the Court to comment on the tone of litigation in this case. Because the instant litigation has its origin in an extremely acrimonious divorce and custody battle, the emotional tenor of the parties is clearly quite high. However, the emotional tenor of the attorneys should not be. But both attorneys continue to personally attack each other in their filings and engage in constant finger-pointing, requiring the Court to wade through excess verbiage in order to arrive at the issue at hand. A case in point is Defendant's opposition to the motion to strike. Instead of addressing his untimely filing head on, Defendant's counsel launched into an attack on Plaintiff's counsel for filing what he termed a "ridiculous" and "meritless motion to strike." Dkt. No. 50 at 1. As this Order shows, that motion was not meritless, but it appears that Defendant's counsel's pique at Plaintiff's counsel overrode his good judgment to solely address the issue at hand. And the Court can also point to numerous examples where Plaintiff's counsel has done the same by leveling personal attacks on Defendant's counsel rather than solely addressing the issue. The Court urges both attorneys to maintain their professional standards in this extremely fraught case so that it is not derailed by filings, or comments in filings, that detract from resolving the issues. Both attorneys can be zealous advocates without being demeaning to each other.

## CONCLUSION

Accordingly, for the reasons set forth above, it is hereby **ORDERED**:

*Willett v. Dahlberg*
1:24-cv-00024-WAL-EAH
Order
Page 13

1. Plaintiff's Motion to Strike Defendant's Opposition to Renewed Motion for Protective Order, Dkt. No. 49, is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is **GRANTED** to the extent that Defendant's Opposition to Renewed Motion for Protective Order, Dkt. No. 48, is **STRICKEN** from the record.

3. The Motion is **DENIED** to the extent that Plaintiff requests that its Renewed Motion for Protective Order be granted on the ground that Defendant's Opposition is stricken and therefore its Renewed Motion is unopposed.

4. Defendant shall have up until and including **June 10, 2025** to file a Motion for Extension of Time pursuant to Fed. R. Civ. P. 6(b)(1)(B).

5. Plaintiff shall have up until and including **June 17, 2025** to file an opposition and, should Defendant wish to file a reply, he shall have up to and including **June 20, 2025** to do so.

ENTER:

Dated: June 3, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE