### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

KATHERINE WILLETT,                    :

      **Plaintiff/**                           :
      **Counter Defendant**        **CIVIL ACTION NO. 1:24-24**

                            :

   **v.**                                  **(MANNION, J.)**

                            :        **(HENDERSON, M.J.)**

**CHRISTOPHER DAHLBERG,**

                            :

      **Defendant/**
      **Counter Plaintiff**           :

## O R D E R

Pending before the court is the report of United States Magistrate Judge Emile A. Henderson, III[1], which recommends that the defendant's motion for sanctions (Doc. 38) be granted in part and denied in part. (Doc. 137). The defendant has filed objections to the recommended disposition. (Doc. 141). The plaintiff has filed a response to the defendant's objections

---

[1] In his filings, defendant's counsel misidentifies Judge Henderson as a "magistrate." The title "magistrate" no longer exists in the United States Courts, having been changed from "magistrate" to "magistrate judge" in **1990**. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Defendant's counsel is reminded to use the correct title in the future, when referring to Judge Henderson or any other United States magistrate judge.

(Doc. 145), to which the defendant has filed a reply (Doc. 146). Upon review of all relevant materials, Judge Henderson's report and recommendation will be adopted in its entirety as the decision of the court.

The defendant's motion for sanctions was filed seeking dismissal of the instant action, as well as other forms of relief, based upon the plaintiff's unauthorized reading of confidential and privileged emails exchanged between the defendant and his former attorney in a domestic proceeding between the parties in the Superior Court of the Virgin Islands. The plaintiff then copied one of those emails and shared it with her current attorney, who attached the email as an exhibit in support of a motion in this case.

In his report, Judge Henderson has laid out in detail the factual and procedural history of this matter, as well as the parties' positions on the pending motion. The court incorporates that discussion as if set forth fully herein. In an exceedingly thorough and well-reasoned report, after considering the materials submitted by the parties, as well as testimony presented at an evidentiary hearing, Judge Henderson recommends granting the motion for sanctions, in part, by assessing attorney's fees and costs against the plaintiff and denying the motion, in part, by not dismissing the complaint. Judge Henderson ordered the defendant to file an accounting

- 2 -

of attorney's fees and costs in relation to the motion which he has filed. (Doc.140).

The defendant has filed objections to the report challenging only Judge Henderson's recommendation that the complaint not be dismissed. In essence, the defendant argues that, while monetary sanctions were appropriately recommended, the egregiousness of the plaintiff's actions coupled with the inability to determine the extent of prejudice suffered by him in this action warrant dismissal of the action.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see

- 3 -

also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In considering the defendant's objection to Judge Henderson's report, prior to dismissing a case pursuant to a court's inherent authority, the court must consider the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).[2] In doing so, the court must be cognizant that a dismissal with prejudice is an extreme and drastic sanction, reserved only for appropriate cases. *Id.* at 867-68. Such a sanction is proper only in limited circumstances, and any doubts should be resolved in favor of reaching a decision on the merits. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Decisions regarding the dismissal of an action under the

---

[2] The *Poulis* factors include: (1) the party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness; (4) whether the party's conduct was in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the party's claim. *Poulis*, 747 F.2d at 868.

- 4 -

*Poulis* factors are reviewed for an abuse of discretion. *Redmond v. Gill*, 352 F.3d 801, 803 (3d Cir. 2003) (*citing Poulis*, 747 F.2d 863 (3d Cir. 1984)).

The defendant's objection in this case centers around Judge Henderson's assessment of the fifth *Poulis* factor.[3] In that regard, Judge Henderson provided:

> The fifth *Poulis* factor—the effectiveness of sanctions other than dismissal—is the factor that gives the Court the most pause in determining whether or not to recommend granting that part of Dahlberg's Sanctions Motion that seeks dismissal. The Third Circuit stresses that dismissal is a sanction of last resort and requires courts to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868; *see United States v. Gilead Scis., Inc.*, No. 17-cv-1183, 2025 WL 2627686, at *19 (E.D. Pa. Sept. 11, 2025) ("The inherent powers of federal courts include the well-acknowledged power to levy sanctions in response to abusive litigation practices. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. These sanctions include the ultimate sanction of dismissal of the case. At the same time, however, the Third Circuit has a longstanding tradition of favoring decisions on the merits and cases should be decided on the merits barring substantial circumstances in support of the contrary outcome."). In *Browne*, 2022 WL 4598824, at *5, the district court opined that the "Third Circuit has identified a number of alternative sanctions available to a court, including a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses." Id. at *5 (quoting

---

[3] Judge Henderson found that the first, second, and fourth factors weigh in favor of dismissal; the third factor is not relevant; the fifth factor weighs against dismissal; and the sixth factor is neutral.

*Titus v. Mercedes-Benz of N. Am.*, 695 F.2d 746, 759 n.6 (3d Cir. 1982)).

While the Court remains deeply troubled by Willett's behavior, and her counsel's no-questions-asked approach that took Willett's explanation for how she accessed the 10/26/22 email at face value, it is reticent to recommend dismissal. At this point, mainly because the Court cannot assess how much the emails between Attorney Moolenaar and Dahlberg in the prior litigation may have impacted or may impact this litigation—with a caveat set out in Section V, below—the Court believes that assessing reasonable attorney's fees and costs will make the point that such behavior is anathema to our legal system. This sanction will also permit the Court to eventually address the merits of this case. *Gilead Scis., Inc.*, 2025 WL 2627686, at *19. Thus, this factor weighs against dismissal.

(Doc. 137, pp. 37-38).

Judge Henderson further gave the following admonition:

Assessing all of these factors, the Court concludes that sanctions are required for Willett's egregious behavior, but that an alternative sanction other than dismissal is warranted here, which will allow this case to be decided on the merits.

However, the Court includes a caveat and warning to Willett and Attorney Rohn. Willett testified that she printed other of Dahlberg's privileged emails he had with Attorney Moolenaar. Dkt. No. 113 at 29. The entire point of her invading the attorney-client privilege was to gain a litigation advantage by having a ring-side seat into Dahlberg's and his attorney's litigation strategy and his recollection of events. Her lackadaisical response that she must have destroyed those documents because she no longer could find them in her house, *id.* at 29, is utterly unconvincing given the highly charged litigation atmosphere that still exists. Moreover, given the reasoning in this R&R, Attorney Rohn will be unable to use Dahlberg's privileged documents in future litigation in this case, under the misguided presumption that Dahlberg gave Willett such access.

Therefore, the Court warns Willett and Attorney Rohn that if Dahlberg can prove to the Court's satisfaction in any subsequent filing that Willett was using information that could only have come from the improperly accessed emails between Dahlberg and Attorney Moolenaar, the Court will accept a renewed motion for sanctions seeking dismissal, and may consider assessing sanctions against Attorney Rohn. This is the situation Willett brought upon herself by surreptitiously accessing those privileged documents, and Attorney Rohn and Willett have brought upon themselves by filing the attorney-client privileged document in this Court.

(Doc. 137, pp. 39-40).

As conceded by the defendant, Judge Henderson "meticulously" considered the record in this case. Taking into account the plaintiff's behavior, the nature of the materials compromised, the credibility of the parties, the perceived prejudice to the defendant, and the arguments raised by the parties, Judge Henderson determined that, while sanctions are appropriate in this case, the extreme sanction of dismissal is not. It is clear from Judge Henderson's comprehensive and detailed report that he carefully weighed each of the *Poulis* factors as they apply in this matter. Moreover, Judge Henderson considered the case law cited by the defendant in support of his motion for sanctions in determining whether the severe

sanction of dismissal is warranted on the facts of this particular case.[4] While Judge Henderson found that the seriousness of the plaintiff's conduct warrants sanctions, he found that monetary sanctions were sufficient to impress upon the plaintiff the seriousness of her misconduct and forewarned her that any evidence of further misconduct would result in the motion for sanctions, including dismissal and additional sanctions against Attorney Rohn, being revisited. The court agrees that the level of monetary sanctions recommended, combined with the admonition of Judge Henderson to both the plaintiff and her attorney, are sufficient to deter any future misconduct by the plaintiff and/or her attorney and that it makes whole the defendant for having to file this motion for sanctions. The court also agrees with Judge Henderson's finding the severe sanction of dismissal is not warranted in this case. As such, the court will adopt Judge Henderson's recommendation in that regard.

As a final matter, in accordance with Judge Henderson's order, the defendant has submitted an accounting of the fees and costs associated with filing the motion for sanctions. (Doc. 140). That accounting seeks $26,395.01 in fees and costs. The court will remand the action to Judge

---

[4] This is the same case law the defendant cites in his objections.

Henderson to determine the reasonableness of the fees and costs submitted by the defendant.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The defendant's objection to the report and recommendation **(Doc. 141)** is **OVERRULED**.

**(2)** Judge Henderson's report and recommendation **(Doc. 137)** is **ADOPTED IN ITS ENTIRETY AS THE OPINION OF THE COURT**.

**(3)** The defendant's motion for sanctions **(Doc. 38)** is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that the court will impose sanctions in the form of attorney's fees and costs on the plaintiff related to the litigation expenses surround the motion for sanction. The motion is **DENIED** to the extent that the defendant seeks dismissal of the instant action.

**(4)** The instant action is **REMANDED** to Judge Henderson for consideration of the reasonableness of the accounting submitted by the defendant for attorney's fees and costs in litigating the motion for sanctions.

MALACHY E. MANNION
United States District Judge

**DATED:** 3/30/26

24-24-02