**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **KATHERINE WILLETT,** | |
| **Plaintiff/Counter-Defendant,** | |
| **v.** | **1:24-cv-00024-MEM-EAH** |
| **CHRISTOPHER DAHLBERG,** | |
| **Defendant/Counter-Plaintiff.** | |
| _____ | |

**TO:**   Lee J. Rohn, Esq.
        David J. Cattie, Esq.

## ORDER

**THIS MATTER** comes before the Court on the Motion to Compel Defendant Christopher Dahlberg to Supplement His Responses to Plaintiff's Demand for Production of Documents, filed by Plaintiff/Counter-Defendant Katherine Willett on June 18, 2026. Dkt. No. 176. In the Motion, Willett seeks an Order pursuant to Fed. R. Civ. P. 37 and LRCi 37.1 compelling Defendant/Counter-Plaintiff Dahlberg to supplement responses to three Requests for Production (29, 30, 36). If the Court does not order Dahlberg to supplement, Willett seeks to bar him from using the documents at trial or in any dispositive or other motion. *Id*. Dahlberg opposed, Dkt, No. 177, and Willett filed a reply, Dkt. No. 179. For the reasons that follow, the Court will deny the Motion to Compel.

## BACKGROUND

### I.    The Requests for Production; Willett's Motion to Compel

On August 27, 2025, Willett served her Demands for Production of Documents ("RFP") on Dahlberg. Dkt. No. 176 at 1 (citing Dkt. No. 176-1).  The three RFPs requested:

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 2

**RFP 29**: Please produce all documents and communications relating to any medical expenses, treatment, or diagnosis you allege as damages in your Counterclaims.

**RFP 30**: Please produce all documents and communications relating to any psychological or emotional distress you allege as damages in your Counterclaims.

**RFP 36**: Please produce copies of all documents, communications and demonstrative evidence which support your intentional infliction of emotional distress claims.

Dkt. No. 176-1. Dahlberg responded on September 27, 2025, and Willett wrote him on October 3, 2025 identifying deficiencies in his responses. *Id.* (citing Dkt. No. 176-2). The parties met and conferred on November 19, 2025; Dahlberg agreed to supplement certain responses and declined to supplement others. He served identical supplemental responses to RFP 29, 30, and 36 on March 12, 2026, as follows:

Dahlberg incorporates his original response to this request for production in full. In addition, Dahlberg has identified his providers and has executed full authorizations for Ms. Willett to obtain the requested documents. In light of the Court's order at ECF No. 152 at 26-27, those authorizations and identifications of the providers comply with his discovery obligations. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL 1014, 1995 WL 925666, at *1 (E.D. Pa. Sept. 15, 1995) (concluding that plaintiffs who executed authorizations for medical records need not produce their medical records in response to defendants' discovery).

Dkt. No. 176-3 at 3, 6, 7. The Supplemental Response to RFP 36 added "Notwithstanding the foregoing, see KW-000305-000311 and Willett's Responses to Interrogatories." Dkt. No. 176-3 at 7.

Willett's Motion to Compel goes on to say that, on April 7, 2026, she wrote to Dahlberg identifying continuing deficiencies. Dkt. No. 176 at 1 (citing Dkt. No. 176-11).  The parties

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 3

held a second meet and confer on May 6, 2026 and raised the dispute at an informal conference with the Court on June 11, 2026. The dispute was not resolved. *Id.* at 1-2.

Willett states that Dahlberg brought counterclaims for abuse of process, conversion, and intentional infliction of emotional distress, and he seeks "compensatory damages, damages for pain and suffering, loss of enjoyment of life, past and future medical expenses, past and future lost earnings, mental anguish as well as for all costs, expenses, attorney's fees and interest." *Id*. at 2 (quoting Dkt. No. 9 ¶¶ 59, 64, 72; Dkt. No. 176-10). He also pleads that Willett "engaged in behavior for the express purpose of harming [him] both mentally and emotionally," causing "serious psychological trauma" (for which he "has sought and will continue to seek treatment") as well as "economic and emotional damages." *Id.* (quoting Dkt. No. 9 ¶¶30, 49, 50, 58). Willett contends that Rule 26(a)(1)(A)(ii) requires a party to produce all documents in its possession or control that support its claims or defenses; when there are only a few such documents, it must produce the copies. *Id*. at 3 (citing *Bregman v. Dist. of Columbia*, 182 F.R.D. 352, 360-61 (D.D.C. 1998)). Rule 26(a)(1)(A)(iii) requires a party to provide "a computation of each category of damages," and to make available "the documents or other evidentiary material . . . on which each computation is based." She contends that a party cannot make an opponent gather the proof of the party's own damages. Dkt. No. 176 at 4 (citing *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593-94 (D. Nev. 2011)). Further, Rule 34 permits a party to request documents in the responding party's "possession, custody or control," and an authorization to gather records from third parties does not satisfy that duty. *Id*. (citing *Bregman*, 182 F.R.D. at 361).

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 4

Willett also cites Rule 26(e)(1)(A), requiring a party to supplement its responses, and *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 361-62 (5th Cir. 2018), holding that once a party has records in its possession, it must produce them and an earlier authorization does not excuse that duty. *Id*. Rule 37(c)(1) enforces these duties; a party that has not provided information requested by Rules 26(a) or (e) may not use the information on a motion or at trial unless the failure was substantially justified or harmless. *Id.* Here, Plaintiff produced her billing records from five providers; she did not "hand Dahlberg an authorization and tell him to assemble her case." *Id*. at 5. She signed authorizations "for a different set of records—the mental health and health care records Dahlberg wanted for his own defenses, which [she] does not intend to use." *Id.*

Willett argues that the March 6, 2026 Court Order, Dkt. No. 152, does not control this dispute, as it addressed the RFPs that Dahlberg served on her regarding treatment for mental illness which supported Dahlberg's counterclaim allegations against her. *Id*. at 5-6. The RFPs did not seek proof of any damages Willett claimed and the Court permitted Willett to respond with an authorization. *Id*. at 6. But RFP 29, 30, and 36 are different because they are limited to the damages Dahlberg pleaded in his counterclaims. They do not seek his entire treatment history—but records that prove the medical expenses and emotional distress damages he claims will support his case and of which he bears the burden to prove.

Willett adds that *In re Orthopedic Bone Screw Products Liability Litigation*, upon which the Court relied, opined that a party who signs authorizations for medical records need not produce those records, but also said that executing authorizations did not excuse a party

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 5

from producing records in their possession or control. 1995 WL 925666, at *1. An authorization does not excuse Dahlberg from producing proof of his own damages which he holds or controls. Dkt. No. 176 at 6-7 (citing *Jackson*, 278 F.R.D. at 593-94, opining that handing over an authorization is an unauthorized shift to the defendant of the burden of figuring out the plaintiff's damages). Moreover, an authorization does not give Willett the records, tell her which records exist, or guarantee that the provider sends everything, He cannot require her to provide a signed form, "do the work, pay the costs, and risk receiving an incomplete record of the documents he intends to use in his case in chief." *Id* at 7. If Dahlberg intends to produce records as exhibits at trial, he can produce them now. *Id* at 8. If he chooses not to produce the documents he has to support his counterclaims, Rule 37(c))(1) bars him from using at trial or in a motion any document he failed to produce (unless the failure was substantially justified or harmless). *Id*.

Willett concludes that RFP 30 asks for all documents and communications relating to psychological or emotional distress Dahlberg claims as damages and RFP 36 asks for all documents, communications and, demonstrative evidence relating to his intentional infliction of emotional distress claim—which cover Dahlberg's own communications, notes, statements and demonstrative evidence he plans to use at trial. He did not provide a single document of his own or say that such documents did not exist. *Id*. at 8-9.

## II.     Dahlberg's Opposition

In his Opposition, Dahlberg points out that, in his responses to Willett's RFD 29, 30, and 36, he identified each of his treatment providers and executed full authorizations

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 6

enabling Willett to obtain the records directly, expressly invoking the Court's ruling (Dkt. No. 152) that the identification of providers, along with executed authorizations, satisfied a party's production obligations. Dkt. No. 177 at 1-2. The Court found this procedure sufficient when denying in part his Motion to Compel Willett to respond to his RFPs three months ago where he sought her medical and mental treatment records. *Id.* at 2-3.

He contends that, where a court has decided a discovery question in the same case, the law-of-the-case doctrine ordinarily forecloses relitigation of the question. *Id.* at 4 (citing *Home Depot USA Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023)). The Court resolved the issue in its March 6, 2026 Order, relying on the settled rule that "plaintiffs who executed authorizations for medical records need not produce their medical records in response to defendants' discovery." *Id.* (quoting Dkt. No. 152 at 26-27). Further, the Court opined that because Willett did not possess responsive records, it could not compel her to produce what she did not have. *Id.* Dahlberg has responded to Willett's RFPs in exactly the way the Court previously approved. *Id.* at 5.

Dahlberg argues that Willett's attempt to distinguish the March 6, 2026 Order fails. *Id.* That Order rested on two grounds: a party executing authorizations satisfied the duty to produce treatment records, and a party cannot be compelled to produce records it did not possess. Willett seeks to differentiate Dahlberg's demands for her "entire mental health history" from her RFP 29, 30, 36 demands being "limited to the damages" Dahlberg pleaded, *Id.* But the records that would prove Dahlberg's medical expense and emotional distress damages are his treatment records—the reports, bills, notes, diagnoses and prognoses

generated by his providers. These documents are the identical category of third-party treatment records the Court addressed in its March 6, 2026 Order. *Id.*

Dahlberg adds that Willett produced billing records in her possession and signed authorizations for the records held by her providers—precisely the bifurcation Dahlberg followed. As a result, Willett cannot tell the Court that signing authorizations for her records was a complete and proper response, but that Dahlberg's identical conduct was sanctionable noncompliance. *Id.* at 6. Her out of Circuit authorities do not displace the Court's ruling in this case: to the extent *Bregman* and *Jackson* suggest an authorization can never satisfy a production duty, they conflict with the Court's approach and with the *Orthopedic Bone Screw* line of cases. *Hernandez* is distinguishable because counsel had taken physical possession of the records and failed to disclose them; here, the records remain with Dahlberg's third-party providers, equally accessible to Willett through the authorizations. *Id.* at 7-8. Finally, Willett's position that RFP 30 and 36 reach beyond provider statements to Dahlberg's own statements and demonstrative materials he plans to use at trial is a newly-expansive reading of the RFPs that was not subject to the meet and confer process and is not properly before the Court. *Id.* at 7. Her request for a "preemptive order" barring Dahlberg from using unproduced documents under Rule 37(c)(1) is premature because Dahlberg has produced the documents he had and authorized Willett to obtain records held by his providers. *Id.* at 8.

### III.    Willett's Reply

In her Reply, Willett reiterated the arguments made in her opening brief. Dkt. No. 179. She also emphasized that compelling Dahlberg to produce records supporting his

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 8

counterclaims now is necessary so that she may review them prior to his deposition and question him about them. *Id.* at 8.

**DISCUSSION**

**I.    Applicable Standards**

**A.  Discovery Under Rules 26 and 34**

Federal Rule of Civil Procedure 26(a)(1), governing initial disclosures, requires parties to disclose "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26 (b)(1), concerning discovery scope and limits, provides, in pertinent part, that parties may

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Matters of discovery are committed to the broad discretion of the court, *United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017).

Federal Rule of Civil Procedure Rule 34 governs the production of documents. The rule provides, in pertinent part, that pursuant to the scope of Rule 26(b), a party may request that another party produce "any designated documents or electronically stored information" in the responding party's possession, custody or control Fed. R. Civ. P. 34(a)(1)(A). The

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 9

responding party must either produce the documents or state with specificity the grounds

for objecting to the request. Fed. R. Civ. P. 34(b)(2)(B), (C).

### B. Motion to Compel

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel

another party to comply with discovery obligations. The Rule provides, inter alia, that "[o]n

notice to other parties and all affected persons, a party may move for an order compelling

disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A court may issue an order compelling

discovery where a party fails to produce documents under Rule 34. Fed. R. Civ. P.

37(a)(3)(B)(iv). The decision to compel production is within the sound discretion of the

court. *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 238 (D.N.J. 2022) (citing cases).

### II. Application

#### A. Law of the Case Doctrine

"The law of the case doctrine limits relitigation of an issue once it has been decided in

an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786–87 (3d Cir.

2003) (citation modified). The doctrine affects only issues that were "expressly" or

"necessarily resolved" by prior decisions in the same case. *PDX N., Inc. v. Comm'r N.J. Dep't of

Labor & Workforce Dev.*, 978 F.3d 871, 881 n.10 (3d Cir. 2020). It is designed to "promote

finality, consistency, and judicial economy." *Hamilton*, 322 F.3d at 787. Notably, the law-of-

the-case doctrine is discretionary, *Centennial Plaza Prop., LLC v. Trane U.S. Inc.*, 771 F. Supp.

3d 481, 487 n.10 (D.N.J. 2025); it "does not limit a federal court's power; rather, it directs its

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 10

exercise of discretion," *Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997).

Interlocutory orders "remain open to trial court reconsideration, and do not constitute the law of the case." *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (citation modified). The adjudication of a motion to compel is generally an interlocutory order. *Enprotech Corp. v. Renda,* 983 F.2d 17, 20–21 (3d Cir. 1993). Nevertheless, even with this point in mind, the district court in *Houser v. Wetzel*, No. 3:24-cv-603, 2024 WL 1913162 (M.D. Pa. May 1, 2024), denied a motion to compel disclosure of a prisoner's medical records on the ground that the court had previously prescribed an appropriate path for the prisoner to follow in accessing those records (by adhering to the appropriate Department of Corrections procedures). Relying on the broad discretion permitted courts in discovery matters, and noting that the law-of-the-case was essentially a discretionary doctrine where courts were "loathe to [reverse prior rulings] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice," the court observed that it had already prescribed an appropriate path for the plaintiff to follow in obtaining access to his medical records, nothing in his current motion suggested that adherence to the procedure ordered previously would result in a manifest injustice, and denied the motion to compel. *Id*. at *4.

The same result obtains here. Dahlberg filed a Motion to Compel in November 2025 in which he sought Willett's "medical reports, notes, tests, prognoses, prescriptions, bills, invoices, etc. related in any way, to any treatment you have ever received regarding any

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 11

mental illness including, but not limited to, depression, bipolar disorder, alcohol abuse, narcotics abuse, prescription drug abuse," as well as "all records, reports, notes, tests, prognoses, prescriptions, bills, invoices, etc. from your treatment at Three Rivers Behavioral Health." Dkt. No. 122 at 14-15. In her supplemental responses, Willett stated she did not have those records in her possession but directed Dahlberg to the Medical Records and Information authorization forms (for health care and mental health care providers) she had executed. *Id.* at 15. Dahlberg argued that Willett was required to obtain those documents herself and provide them to him. *Id*. The Court rejected Dahlberg's argument, opining:

> Dahlberg has not indicated that he has had any issues in obtaining the medical records based on these authorizations and why he would also need Willett to produce the same records. The Court will deny the Motion to Compel related to RFP 15 and 16. *In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL 1014, 1995 WL 925666, at *1 (E.D. Pa. Sept. 15, 1995) (concluding that plaintiffs who executed authorizations for medical records need not produce their medical records in response to defendants' discovery).

Dkt. No. 152 at 26-27. For the very same reasons articulated in that Order, undergirded by the discretion given the Court in addressing discovery disputes (and the discretion noted by the *Hauser* Court when maintaining consistency with its earlier ruling), the Court will deny Willett's Motion to Compel. She has not indicated that she has had any issues in obtaining Dahlberg's medical records based on his executed authorizations, and the Court sees no legitimate distinction between Dahlberg's request for Willett's medical records being satisfied by executed authorizations and Willett's request for Dahlberg's records being satisfied by executed authorizations that would require a departure from the Court's earlier holding. *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439 (3d Cir. 2009)

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 12

(although "a court has the power to revisit prior decisions of its own in any circumstance, as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.") (citation modified); *cf. Pelletier v. Endo Int'l PLC,* No. 17-cv-5114, 2021 WL 398495, at *5 n.4 ("A judge's definitive discovery ruling should generally be followed in subpoena proceedings, much like under the law of the case doctrine") (citation modified).

Willett, however, has attempted to draw a distinction as to why her request for Dahlberg's medical records should not be governed by the March 6, 2026 Order. She asserts that she is asking Dahlberg to do what she did—produce the documents a party "may use to prove its claims." Dkt. No. 176 at 5. She provided certain billing records, as proof of her claims, but signed authorizations for "a different set of records"—those Dahlberg wanted for his own defenses which she did not intend to use. *Id.* Willett seeks to distinguish providing medical records on which she has the burden of proof from providing medical records on which Dahlberg has the burden of proof: Dahlberg sought her "entire mental health history" while her RFPs were "limited to the damages" Dahlberg pleaded. Dkt. No. 176 at 5-6. The Rules do not make such a distinction, and Willett points to no case that does so.

In that regard, Rule 26(a)(1)(A)(ii) requires a party to provide documents it has, in its possession, custody or control, that may support its "claims or defenses." Rule 26(b)(1) permits parties to obtain discovery, inter alia, "relevant to any party's claim or defense," and Rule 34(a) permits a party to serve a request within the scope of Rule 26(b). Nothing in these Rules parses the burden of providing/obtaining discovery depending on whether it is

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 13

directed to a claim a party has to prove versus what the party has to defend. The rules refer

to "claims or defenses" equally. For both parties, alleged medical injuries are bound with

alleged emotional injuries: proof that a party suffered such injuries is bound with defenses

that those injuries may have been, for example, pre-existing or overblown. The only way to

make both arguments, on both "claims or defenses," is to obtain medical and mental health

records. Unwinding these tightly-wound points would be quite difficult if not impossible.

> When addressing production under Rule 34,

> a party is only obligated to produce those responsive documents that are in its possession, custody or control. *See* Fed. R. Civ. P. 34(a)(1); *see also Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 139–40 (3d Cir. 1988) ("[A] party cannot be sanctioned for failing to provide tangible items such as books and records unless the item can be said to be within its possession, custody or control."). Rule 34 does not require a party to go out and obtain medical records that are not in his or her possession, custody or control.

*Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.,* No. 10-cv-1559, 2014 WL

12603510, at *2 (M.D. Pa. June 24, 2014). This Court presumes the good faith of both counsel

to have provided relevant documents in their possession, custody, and control in response

to the respective RFPs. For those documents not under their possession, custody, and

control, medical authorizations suffice, as the Court previously held. Moreover, courts in this

Circuit have long been comfortable with executed medical authorizations as the means for a

party to obtain the relevant medical information of the opposing party (often ordering

recalcitrant parties to provide such authorizations). *See, e.g., Clemens v. N.Y. Cent. Mut. Fire*

*Ins. Co.*, No. 13-cv-2447, 2015 WL 224698 (M.D. Pa. Jan. 15, 2015); *Owusu v. Cent. Parking*

*Corp.,* No. 06-cv-5744, 2009 WL 331239, at * (D.N.J. Feb. 10, 2009); *Castillo v. Kmart Corp.*,

No. 01-cv-0133, 2007 WL 4973939 (D.V.I. July 2, 2007) (granting motion to compel plaintiff, represented by Attorney Rohn, to provide signed medical authorizations).

Without case law to support her claims-versus-defense distinction, Willett points to three cases where courts confronted different circumstances than presented here. *Jackson* focused on the distinction between the requirements of Rule 26(a)(1)(A)(ii)—initial disclosure of all documents in a party's possession and control that may support its claims and defenses—versus Rule 26(a)(1)(A)(iii)—initial disclosure of documents supporting a party's computation of each category of damages. That court in fact held that executed medical authorizations satisfied Rule 26(a)(1)(A)(ii), observing that "Rule 34 does not require the responding party to provide copies of documents," and holding that

> Plaintiffs did not violate their disclosure obligation under Rule 26(a)(1)(A)(ii) or their duty to produce relevant documents for inspection and copying under Rule 34. Nothing in these rules prohibits a plaintiff from voluntarily providing, and a defendant from accepting, a signed medical authorization so that the defendant can obtain the plaintiff's medical records and bills directly from the providers. (A defendant may prefer this method to make sure that it obtains complete medical records.).

278 F.R.D. at 593. That court drew a distinction between the plaintiffs' obligations under Rule 26(a)(1)(A)(iii), regarding the computation of damages, and Rule 34's requirement that the party provide evidentiary support for the computation. It held that plaintiffs ignored that obligation during the discovery period and then examined whether to sanction the plaintiffs. *Id.* at 593-95. In the Court's reading of Willett's motion, and given the context in which it was

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 15

filed, it does not appear that she is seeking Dahlberg's medical records to support his computation of damages but rather his medical records supporting his claims.[1]

In *Bregman*, a recalcitrant plaintiff provided defendants with the names of some his medical providers and an authorization. The court exercised the discretion it had over discovery and required the plaintiff to make disclosures of his medical records pursuant to Rule 26(a)(1)(A)-(C). In the process, it mentioned in passing that "merely providing an authorization for one's opponent to secure medical records from third party [sic] does not comply with obligations the Federal Rules impose upon a party," 182 F.R.D. at 362 (citing an unpublished case and providing no further explanation). This observation is not persuasive.

Finally, *Hernandez* did not "reach the more difficult question whether the signing of an authorization for release of protected health information is sufficiently responsive to a Rule 34 request for production because once Hernandez's counsel obtained *physical possession* of the records, he had a continuing obligation under Rule 26(e) to disclose them to [defendant]." 907 F.3d at 361-62. This case is factually distinguishable.

In sum, the Court rejects Willett's argument that attempts to distinguish why it was permissible for her to provide medical authorizations in response to Dahlberg's requests for production of her medical and mental health records that were not in her possession, custody, and control, but Dahlberg providing medical authorizations in response to her

---

[1] Willett propounded 89 document demands. Dkt. No. 177 at 2. At the June 11, 2026 informal conference, the Court addressed three of Willett's interrogatories that were explicitly directed to Dahlberg's damages computations (that Dahlberg agreed to supplement). This supports the Court's view that the instant RFPs focus on medical records, not damages calculations.

*Willett v. Dahlberg*
1:24-cv-00024-MEM-EAH
Order
Page 16

requests for production for his medical and mental health records that were not in his possession, custody, and control was not sufficient and requires an Order from the Court compelling him to provide them.

The Court also denies Willett's alternative request that, if the Court does not order Dahlberg to produce the documents, it should bar him from using at trial, or in a dispositive motion, any document covered by these demands that he does not produce before fact discovery closes. Dkt. No. 176 at 1. This request is premature, as fact discovery closes on August 31, 2026. Dkt. No. 165. Further, given this Order, Dahlberg providing executed medical authorizations complies with his Rule 34 obligations in responding to Willett's RFPs and thus he has not failed to disclose under Rule 37(c)(1). If it happens that he does not disclose certain responsive documents and seeks to rely upon them in a dispositive motion or at trial, he would then have to show that the failure was "substantially justified or harmless." Rule 37(c)(1). But that is not a matter currently before the Court.

## CONCLUSION

Based on the analysis above, it is hereby **ORDERED** that Willett's Motion to Compel Defendant Christopher Dahlberg to Supplement His Responses to Plaintiff's Demand for Production of Documents, Dkt. No. 176, is **DENIED**.

ENTER:

Dated: July 6, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE